# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **STEVE LAVENDER,** | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | |
| vs. | ] | CV-97-N-0650-W |
| | ] | |
| **SERVICE MERCHANDISE COMPANY, INC., et al.,** | ] | |
| | ] | |
| Defendant(s). | ] | |



## MEMORANDUM OF OPINION

### I. Introduction.

This civil action was originally brought in the Circuit Court of Tuscaloosa County, Alabama and removed by the defendant to this court. Plaintiff Steve Lavender ("Lavender") has brought suit against his former employer, Service Merchandise Co., Inc. ("Service Merchandise"), and individual defendants Paul Daidone ("Daidone") and "the individual known as Mr. Henderson with Loss Prevention" (later identified as Matthew Heneghan of the loss prevention department).[1]  Lavender's claims are: (1) outrage; (2) negligent supervision, hiring and retention; (3) invasion of privacy; (4) false imprisonment; and (5) assault and battery.

The court presently has for consideration the plaintiff's motion to remand, filed on March 26, 1997. The plaintiff asserts that the action should be remanded because: (1)

---

[1] On March 21, 1997, the court dismissed the action as against fictitious defendants.

there is not complete diversity of citizenship as between the parties; (2) the court lacks subject matter jurisdiction; and (3) "there is no fraudulent joinder of any party defendant." *Plaintiff's Motion to Remand* at 1. The defendants assert that removal was proper because the plaintiff fraudulently joined non-diverse individual defendants and has not effected service of process upon them. *See Defendants' Memorandum in Opposition* at 5.

## II. Allegations of the Complaint.

The plaintiff alleges that, on November 13, 1996, while employed by defendant Service Merchandise, he was approached by a supervisor, defendant Daidone, who asked him to accompany Daidone to the front of the store. There, Daidone escorted Lavender into an office and introduced him to defendant Heneghan as "Mr. Henderson [sic] with Loss Prevention." *Complaint* at 2. Daidone then left the plaintiff alone in the room with Heneghan, closing the door as he exited. Lavender asserts that Heneghan then interrogated him for approximately an hour and a half. During this time, the plaintiff avers he was accused of stealing merchandise, told there was a video tape of this theft, and told to confess in writing to falsifying his employment application and to stealing the merchandise. Lavender contends that Heneghan held a shotgun while he questioned the plaintiff and forced Lavender's written confession.

## III. The Motion to Remand.

The removal statute must be strictly construed against removal, and any doubts should be resolved in favor of the remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The general removal statute provides that:

> [e]xcept as otherwise expressly provided by act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (1994). A removing party assumes the burden to prove by a preponderance of the evidence that joinder of a resident defendant was improper. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). However, a case may be properly removed if the resident defendant is fraudulently joined. *See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).

A party is fraudulently joined if "there is *no possibility* the plaintiff can establish *any* cause of action against the resident defendant." *Cabalceta*, 883 F. 2d at 1561 (emphasis added); *see also Coker*, 709 F.2d at 1440-41 (stating that "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court"). Alternatively, fraudulent joinder may be found if there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *See Cabalceta*, 883 F.2d at 1561. The court must make its decision upon the pleadings of the plaintiff at the time of removal. *See id.* Additionally, although "the defeat of removal might have been a motive in joining [a resident defendant, this] is not important, if in good faith, he is sought to be held liable." *Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964).

## IV. Discussion.

### A. Fraudulent Joinder.

Defendant Daidone, like the plaintiff, is a citizen of the state of Alabama. The defendants argue that the plaintiff has fraudulently joined Daidone as a defendant in order to defeat diversity jurisdiction and to deprive them of the opportunity to be a federal forum. The court respectfully disagrees.

To find in favor of the plaintiff on this issue, the court need only find that there is a *possibility* that the plaintiff can establish *any* cause of action against the defendant Daidone. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). In Count Five the plaintiff alleges that all of the defendants, including Daidone, falsely imprisoned him. *Complaint* at 4. Count Six alleges only that "[t]he unconsented to touching described above was an assault and battery on the person of the Plaintiff" and that, "[a]s a result of the conduct by defendants and their agents or servants, Plaintiff suffered harm as described above." *Id.* at 5.

Addressing only the claim of false imprisonment, there is a clear possibility that Daidone could be held liable for his actions. False imprisonment is defined under Alabama law as "the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty." Ala. Code § 6-5-170 (1975). As a supervisor, Daidone escorted Lavender into a room, introduced him to Heneghan and left the room, closing the door as he left. Alabama law recognizes that "persons other than those who actually effect an . . . imprisonment may be so involved with or related to the act or proceeding as instigators or participants therein as to be liable for false imprisonment." *Crown Cent.*

4

*Petroleum Corp. v. Williams*, 679 So. 2d 651, 654 (Ala. 1996). In the instant case, it cannot be said that there is *no possibility* that a state court could find that Daidone acted as an instigator or a participant in the proceeding since he did, as Lavender's supervisor, lead Lavender to the room and leave him with Heneghan in a closed room. Accordingly, the defendant has not shown by a preponderance of the evidence that Daidone was fraudulently joined.

### B. Failure of Service of Process.

The defendant also relies upon the failure of the plaintiff to effect service of process on the non-diverse defendant, Daidone, or on Heneghan, as a separate and independent basis for denying the motion to remand. *Defendants' Memorandum in Opposition* at 5. The defendants cite a decision of this court, *Mask v. Chrysler Corp.*, 825 F. Supp. 285 (N.D. Ala. 1993), *aff'd without opinion*, 29 F.3d 641 (11th Cir. 1994), for this supposition.

In *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939), one of the resident defendants had not been served with process at the time of the petition for removal. The Court reasoned that

> [w]here there is a non-separable controversy with respect to several non-resident defendants, one of them may remove the cause, although the other defendants have not been served with process and have not appeared. . . . But the rule is otherwise where a non-separable controversy involves a resident defendant. In that case the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant.

305 U.S. at 540-41. Though Section 1441(b) was enacted after the *Pullman* decision, several courts have held that the statute does not supersede *Pullman*. *See, e.g., Beritiech v. Metropolitan Life Ins. Co.*, 881 F. Supp. 557, 560 n. 5 (S.D. Ala. 1995); *Partin v. Cableview,*

5

*Inc.*, 948 F. Supp. 1046, 1048 (S.D. Ala. 1996); *Everett v. MTD Products, Inc.*, 947 F. Supp. 441, 444 (N.D. Ala. 1996). The court agrees. Daidone's citizenship may be considered by the court in determining whether to remand.

**V.   Conclusion.**

In summary, there is a possibility that a state court would find that the plaintiff has a valid claim of false imprisonment against Daidone, an Alabama resident. Further, Daidone's citizenship may properly be considered although he is unserved and compels a finding of no diversity. Accordingly, the case will be remanded to the Circuit Court of Tuscaloosa County, Alabama. An appropriate order in conformity with this memorandum of opinion will be entered.

Done, this __25th__ of April, 1997.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE